JUSTICE TRIEWEILER
specially concurring.
¶25 I concur with the result of the majority opinion, although I do not agree with all that is said therein.
¶26 I concur that based on the U. S. Supreme Court’s decision in Underwriters National Assurance Co. v. North Carolina Life and Accident and Health Ins. Guarantee Association (1982), 455 U.S. 691, 102 *262 S. Ct. 1357, 71 L. Ed. 2d 558, this Court is bound by the Utah Court’s decision that it had personal jurisdiction over George Stephen Mason when the enforcement action was commenced in 1993.
¶27 I do not necessarily agree with the decision of the Utah Court, nor do I agree with the inference in the majority opinion that the location where George and Sheila were married, where they resided during their marriage, where they gave birth to children, or where they were divorced (all of which occurred prior to 1985), had anything to do with whether George had sufficient contact with the state of Utah in 1993 to afford that state personal jurisdiction when the enforcement action was commenced.
¶28 Furthermore, I do not agree that the U. S. Supreme Court’s decisions in either Shaffer v. Heitner (1977), 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683, or Kulko v. Superior Court of California (1978), 436 U.S. 84, 98 S. Ct. 1690, 56 L. Ed. 2d 132, in any way support this Court’s conclusion that George had “minimum contact” with the state of Utah at the time that the 1993 action was commenced. The issue in Shaffer was whether the state of Maryland had personal jurisdiction over directors and officers of a corporation, even though they had never set foot in the state, simply because of their relationship to a corporation chartered in the state. The Supreme Court held that there was insufficient contact, and in the process, cited the following relevant language from one of its earlier cases:
“[The State] does not acquire ...jurisdiction by being the ‘center of gravity’ of the controversy, or the most convenient location for litigation. The issue is personal jurisdiction, not choice of law. It is resolved in this case by considering the acts of the [appellants].” Hanson v. Denckla, 357 U.S. 235, 254, 78 S.Ct. 1228, 2 L.Ed. 1283 (1958).
Shaffer, 433 U.S. at 215, 97 S. Ct. at 2585, 53 L. Ed. 2d at 705. Nothing from the Shaffer decision remotely supports the majority’s decision in this case.
¶29 The Kulko decision is even less supportive of the majority’s conclusions. The issue in Kulko was whether the State of California had personal jurisdiction to increase a nonresident father’s child support obligation. The mother in that case, who had petitioned the California court for relief, was a resident of California, as were the parties’ children. However, the father’s only connections to the state were two previous visits to the state, the fact that he and his former wife had been married in the state, the fact that at the time of the parties’ sepa *263 ration he had agreed to allow his children to spend summers with their mother in California, and the fact that he later consented to allow his daughter to live with her mother in California during the school year. The U.S. Supreme Court held that under these circumstances the California courts did not have personal jurisdiction over the children’s father. It stated: “[W]e believe that the California Supreme Court’s application of the minimum-contacts test in this case represents an unwarranted extension of International Shoe and would, if sustained, sanction a result that is neither fair, just, nor reasonable.” Kulko, 436 U.S. at 92, 98 S. Ct. at 1697, 56 L. Ed. 2d at 141.
¶30 The only language in the Kulko decision relevant to the principle issue in this case is the following:
It cannot be disputed that California has substantial interests in protecting resident children and in facilitating child-support actions on behalf of those children. But these interests simply do not make California a “fair forum,” Shaffer v. Heitner, supra, 433 U.S. at 215, 97 S.Ct. at 2586, in which to require appellant, who derives no personal or commercial benefit from his child’s presence in California and who lacks any other relevant contact with the State, either to defend a child support suit or to suffer liability by default.
Kulko, 436 U.S. at 100-01, 98 S. Ct. at 1701, 56 L. Ed. 2d at 146-47.
¶31 There are no facts, no law, and no language in the Kulko decision which support the majority’s decision in this case, nor the Utah court’s decision based on the record before us.
¶32 The 1993 enforcement action upon which George’s current debt is based was a separate action for which a separate determination of minimum contacts had to be made. Whether or not George was present in Utah in some capacity seven years earlier is irrelevant. However, the decision of the Utah court was not appealed and is, therefore, final and binding.
¶33 Finally, I do not necessarily agree with the Supreme Court’s reasoning in Underwriters. It makes little sense to me that a court which may be without jurisdiction can, in fact, finally decide the issue of jurisdiction for the purpose of binding other courts by its judgment. However, I do agree that the decision controls the outcome of this case since it interpreted the uniquely federal guarantee of full faith and credit.
¶34 For these reasons, I specially concur with the majority opinion.